**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30154 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00120-BR |
| v. | |
| ALEXANDER LUKASHOV, Jr., a.k.a. Aleksandr Lukashov, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Alexander Lukashov, Jr., appeals from the district court's judgment and

challenges the $4,814.69 in restitution imposed following his jury-trial conviction

for aggravated sexual abuse, in violation of 18 U.S.C. § 2241(c).  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  The parties' joint motion that this case be submitted on the briefs without oral argument is granted.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lukashov contends that the district court erred by imposing restitution because there was not sufficient evidence showing that the victim's therapy costs were caused by Lukashov's sexual abuse. We review for clear error the district court's factual findings supporting a restitution order. *See United States v. Yeung*, 672 F.3d 594, 600 (9th Cir. 2012). The district court did not clearly err in finding that Lukashov's sexual abuse of the victim proximately caused her need for therapy. *See id.* ("[A] defendant's conduct need not be the sole cause of the loss.").

Lukashov also contends that the district court erred by imposing restitution after the 90-day limit outlined in 18 U.S.C. § 3664(d)(5). We review for harmless error any failure to comply with the procedural requirements of section 3664. *See United States v. Cienfuegos*, 462 F.3d 1160, 1162-63 (9th Cir. 2006). Because Lukashov has not shown any actual prejudice from the delay in the entry of the restitution order, the district court's failure to comply with the 90-day time limit was harmless. *See id.*

**AFFIRMED.**

12-30154